In re Arthur D. and Judith FINOCCHARIO, d/b/a J & A Enterprises, Debtors.

George LOVE, Plaintiff,

v.

Arthur D. and Judith FINOCCHARIO, d/b/a J & A Enterprises, Defendants.

Bankruptcy Nos. 81–21298, 81–2230A.

United States Bankruptcy Court, W. D. New York.

Dec. 21, 1981.

---

Paul Snyder, Rochester, N.Y., for plaintiff.

Kathrine Nevarez, Rochester, N.Y., for defendants.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In this particular case, the plaintiff has filed an objection to the discharge of the debtors based upon actual fraud under subdivision 11 U.S.C. § 523(a)(2). A trial has been held in this matter and briefs have been submitted by the parties.

The facts are as follows. Arthur and Judith Finocchario, d/b/a J & A Enterprises, were contractors. They sold top soil, did snow plowing, general trucking and similar things. In the fall of 1978, they had a Case W–14 Loader which they wanted to sell. They advertised it for sale in the paper. Mr. Love purchased the Case W–14 Loader for the sum of $27,000; $18,000 was paid down, when the contract was entered into in October of 1978. Title to the vehicle was never put in Mr. Love's name. Insurance was carried by the Finoccharios upon the vehicle. Mr. Love made cash payments on the machine. J & A Enterprises continued to make payments on the machine to Case Power and Equipment Corp. who had the

security interest in the machine. Eventually, when the debtors could no longer make payments on the machine, Case repossessed the machine.

In October of 1978, when the machine was purchased, there was a UCC–1 filed against the machine in the Monroe County Clerk's office, the office for the proper filing of a lien against this particular type of construction equipment.

It is Mr. Love's contention that the debtors had an affirmative duty to advise him of the lien which Case Power and Equipment Corp. had upon the loader. The debtors deny the affirmative obligation to disclose the existence of a lien, especially, when Love could have discovered its existence by checking the filings in the County Clerk's office.

In addition, the debtors claim to have informed Mr. Love of the existence of the lien. They urged him to refinance the machine at the time it was sold to him. But he had a bad credit record and felt he could not finance the machine at that time. So he made arrangements with them to continue to pay on the machine and to maintain title and insurance in their name until he finished paying.

Mr. Love also makes several allegations about failure to disclose facts to him after the contract was entered into. But these allegations are immaterial. They did not induce Mr. Love to enter into the contract.

It appears to be good law, generally, that if a buyer and seller do not stand in any special relationship of confidence, there is no duty on the seller to disclose facts to the buyer, at least in the absence of superior or peculiar knowledges of such facts. (See 24 N.Y.Jur. § 114). The seller in this case advertised in the newspaper to sell construction equipment which was surplus to their needs at the time. Love appeared and offered to buy the piece of equipment. At the time the Finoccharios and Love entered into the contract, there was on file in the Monroe County Clerk's office a notice that there was a lien upon the equipment. Love, if he were a prudent

buyer, should have checked the County Clerk's office to find out if in fact there was a lien upon the equipment. He did not and he now comes in and says that because the debtors were silent with regard to the lien, he is entitled to a judgment of non-dischargeability. He had failed to offer any proof of a special relationship which would make the silence fraudulent.

■ His claims of misrepresentation, made after the transaction was consumated, cannot stand because an action for deceit·cannot be based upon representations made after the alleged fraud. See N.Y.Jur. 24 § 171, where the author says, "However, representations made after a transaction or contract cannot be made the basis of fraud for an attack upon such transactions or contract."

After analysing the testimony, Mr. Love's story appeared to be something made up after the fact to form a basis for the recovery of a judgment against the debtors. This Court tends to believe the debtors rather than the plaintiff with regard to what happened at the time of the transaction.

Therefore, the complainant herein has failed to prove his cause of action and the debtors may have their discharge of their obligation to Mr. Love and it is so ordered.